IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTINA KEGG, | ) | CASE NO. 5:19-cv-01536-JRA |
| | ) | |
| *Plaintiff,* | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | **DEFENDANTS' ANSWER AND** |
| | ) | **STATEMENT OF AFFIRMATIVE** |
| 4M MANAGEMENT SERVICES, LLC, *et al.*, | ) | **DEFENSES TO PLAINTIFF'S** |
| | ) | **COMPLAINT** |
| | ) | |
| *Defendants.* | ) | |

Defendants 4M Management Services, LLC ("4M") and Alteon Health, LLC ("Alteon") (collectively, "Defendants"), by and through their undersigned counsel, file their Answer and Statement of Affirmative Defenses to the Complaint filed by Plaintiff Christina Kegg ("Plaintiff") [DE 1], as follows:

**PARTIES**

1. Defendants are without knowledge or information sufficient to form a belief regarding Plaintiff's residency and, therefore, deny the allegations contained in Paragraph 1 of the Complaint.

2. Defendants admit the allegations contained in Paragraph 2 of the Complaint.

3. Defendants deny the allegations contained in Paragraph 3 of the Complaint, except aver that 4M was bought by Alteon Health, LLC, which was formerly Island Medical Management Holdings, LLC.

4. Defendants deny the allegations contained in Paragraph 4 of the Complaint, except aver that Alteon Health, LLC is a foreign for-profit limited liability company organized under the laws of the State of Delaware whose principal place of business is 12420 Milestone Drive, Suite 200, Germantown, Maryland 28076.

5. Defendants deny the allegations contained in Paragraph 5 of the Complaint.

**PERSONAL JURISDICTION**

6. Defendants neither admit nor deny the allegations contained in Paragraph 6 of the Complaint, as they call for a legal conclusion to which no response is required, except aver that they do not challenge personal jurisdiction.

7. Defendants admit that Plaintiff performed work in this Judicial District and was hired out of this District. Defendants deny the remaining allegations contained in Paragraph 7 of the Complaint.

8. Defendants neither admit nor deny the allegations contained in Paragraph 8 of the Complaint, as they call for a legal conclusion to which no response is required, except aver that Plaintiff's claim purportedly relate to Plaintiff's employment and that they do not challenge this Court's jurisdiction over Defendants.

**SUBJECT MATTER JURISDICTION AND VENUE**

9. Defendants neither admit nor deny the allegations contained in Paragraph 9 of the Complaint, as they call for a legal conclusion to which no response is required. To the extent a response is required, Defendants aver that Plaintiff filed this action alleging violations of the FMLA, 29 U.S.C. § 2601, *et seq.*, the Fair Labor Standards Act, 29 U.S.C. § 216(b), and pursuant to 28 U.S.C. § 1331, but deny that Defendants violated any federal, state, or local law, and deny that Plaintiff is entitled to any damages or other relief in this action.

10. Defendants neither admit nor deny the allegations contained in Paragraph 10 of the Complaint, as they call for a legal conclusion to which no response is required. To the extent a response is required, Defendants aver that Plaintiff alleges violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA") and Ohio R.C. § 4112.02, but deny that Defendants violated

any federal, state, or local law, and deny that Plaintiff is entitled to any damages or other relief in this action.

11. Defendants neither admit nor deny the allegations contained in Paragraph 11 of the Complaint, as they call for a legal conclusion to which no response is required, except Defendants aver that they do not challenge venue in this District.

## COVERAGE

12. Defendants neither admit nor deny the allegations contained in Paragraph 12 of the Complaint, as they call for a legal conclusion to which no response is required.

13. Defendants neither admit nor deny the allegations contained in Paragraph 13 of the Complaint, as they call for a legal conclusion to which no response is required.

14. Defendants neither admit nor deny the allegations contained in Paragraph 14 of the Complaint, as they call for a legal conclusion to which no response is required.

15. Defendants neither admit nor deny the allegations contained in Paragraph 15 of the Complaint, as they call for a legal conclusion to which no response is required.

16. Defendants neither admit nor deny the allegations contained in Paragraph 16 of the Complaint, as they call for a legal conclusion to which no response is required.

## FACTUAL ALLEGATIONS

17. Defendants admit the allegations contained in Paragraph 17 of the Complaint, except aver that Defendants provide services to more than fourteen Ohio hospitals.

18. Defendants deny the allegations contained in Paragraph 18 of the Complaint, except aver that Plaintiff was hired by 4M to work in the Credentialing and Scheduling Department, which included a call center, on or about July 14, 2014.

19. Defendants deny the allegations contained in Paragraph 19 of the Complaint, except aver that Plaintiff was promoted to Scheduling Specialist on or about August 16, 2015.

20. Defendants deny the allegations contained in Paragraph 20 of the Complaint, except aver that as a Scheduling Specialist, Plaintiff was responsible for selecting available physicians from a pool and scheduling them to work in the emergency rooms of hospital clients.

21. Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22. Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24. Defendants deny the allegations contained in Paragraph 24 of the Complaint, except aver that Plaintiff was properly classified as exempt and that her salary compensated her for all hours worked.

25. Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26. Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in Paragraph 28 of the Complaint, except aver that Plaintiff was compensated for all hours worked in any given week.

29. Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30. Defendants deny the allegations contained in Paragraph 30 of the Complaint, except aver that Plaintiff was given a work phone and a computer, which were not to be used solely when Plaintiff worked "on call."

31. Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in Paragraph 33 of the Complaint, except aver that Plaintiff was compensated for all hours worked.

34. Defendants neither admit nor deny the allegations contained in Paragraph 34 of the Complaint, as they call for a legal conclusion to which no response is required.

35. Defendants deny the allegations contained in Paragraph 35 of the Complaint, except aver that 4M merged with Alteon in 2017.

36. Defendants admit the allegations contained in Paragraph 36 of the Complaint.

37. Defendants are without knowledge or information sufficient to form a belief as to whether and when Plaintiff fell outside of work and allegedly injured her back and, therefore, deny the allegations contained in Paragraph 37 of the Complaint.

38. Defendants are without knowledge or information sufficient to form a belief as to whether Plaintiff injured her back and, if so, whether she had difficulty ambulating, bending down, walking, and/or standing and, therefore, deny the allegations contained in Paragraph 38 of the Complaint.

39. Defendants are without knowledge or information sufficient to form a belief as to whether Plaintiff injured her back and, if so, whether she had any limitations on her ability to perform major life activities and, therefore, deny the allegations contained in Paragraph 39 of the Complaint.

40. Defendants neither admit nor deny the allegations contained in Paragraph 40 of the Complaint, as they call for a legal conclusion to which no response is required.

41. Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42. Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 43 of the Complaint and, therefore, deny the same.

44. Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45. Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 46 of the Complaint and, therefore, deny the same.

47. Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48. Defendants deny the allegations contained in Paragraph 48 of the Complaint, except aver that Alteon provided Plaintiff with FMLA paperwork to provide to her physician on or about January 28, 2019.

49. Defendants are without knowledge or information sufficient to form a belief as whether the FMLA paperwork submitted by Plaintiff after her termination was completed by her physician and, therefore, deny the allegations contained in Paragraph 49 of the Complaint.

50. Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's physician's statement and, therefore, deny the allegations contained in Paragraph 50 of the Complaint except aver that the Certification of Health Care Provider submitted by Plaintiff on February 13, 2019, after her termination, speaks for itself as to its contents.

51. Defendants deny the allegations contained in Paragraph 51 of the Complaint.

52. Defendants admit the allegations contained in Paragraph 52 of the Complaint.

53. Defendants deny the allegations contained in Paragraph 53 of the Complaint, except aver that Plaintiff submitted a Certification of Health Care Provider to Alteon on February 13, 2019, after her termination.

54. Defendants admit the allegations contained in Paragraph 54 of the Complaint.

6

55. Defendants deny the allegations contained in Paragraph 55 of the Complaint.

56. Defendants deny the allegations contained in Paragraph 56 of the Complaint.

57. Defendants admit the allegations contained in Paragraph 57 of the Complaint.

58. Defendants aver that Alteon opposed Plaintiff's application for unemployment benefits, except deny that Defendants stated Plaintiff had been terminated because she was physically not able to perform the required work.

59. Defendants deny the allegations contained in Paragraph 59 of the Complaint.

60. Defendants deny the allegations contained in Paragraph 60 of the Complaint.

61. Defendants deny the allegations contained in Paragraph 61 of the Complaint.

62. Defendants deny the allegations contained in Paragraph 62 of the Complaint.

63. Defendants admit that Plaintiff received unemployment benefits. Defendants deny the remaining allegations contained in Paragraph 63 of the Complaint.

64. Defendants deny the allegations contained in Paragraph 64 of the Complaint.

65. Defendants deny the allegations contained in Paragraph 65 of the Complaint.

66. Defendants deny the allegations contained in Paragraph 66 of the Complaint.

### COUNT I:  FAILURE TO PAY OVERTIME IN VIOLATION OF THE FLSA
### (29 U.S.C. § 207)

67. Defendants repeat and reassert their responses to every prior Paragraph of the Complaint as though fully set forth herein.

68. Defendants neither admit nor deny the allegations contained in Paragraph 68 of the Complaint, as they call for a legal conclusion to which no response is required.

69. Defendants deny the allegations contained in Paragraph 69 of the Complaint.

70. Defendants deny the allegations contained in Paragraph 70 of the Complaint.

71. Defendants deny the allegations contained in Paragraph 71 of the Complaint.

7

72. Defendants deny the allegations contained in Paragraph 72 of the Complaint.

73. Defendants deny the allegations contained in Paragraph 73 of the Complaint.

74. Defendants deny the allegations contained in Paragraph 74 of the Complaint.

75. Defendants deny the allegations contained in Paragraph 75 of the Complaint.

76. Defendants deny the allegations contained in Paragraph 76 of the Complaint.

77. Defendants deny the allegations contained in Paragraph 77 of the Complaint.

78. Defendants deny the allegations contained in Paragraph 78 of the Complaint.

79. Defendants aver that Plaintiff requests the relief set forth in Paragraph 79 of the Complaint, but denies that she is entitled to any of the relief sought therein.

### COUNT II: VIOLATION OF THE OHIO MINIMUM FAIR WAGE STANDARDS ACT, O.R.C. § 4111.03, *et seq*, BASED ON FAILURE TO PAY OVERTIME

80. Defendants repeat and reassert their responses to every prior Paragraph of the Complaint as though fully set forth herein.

81. Defendants neither admit nor deny the allegations contained in Paragraph 81 of the Complaint, as they call for a legal conclusion to which no response is required.

82. Defendants neither admit nor deny the allegations contained in Paragraph 82 of the Complaint, as they call for a legal conclusion to which no response is required.

83. Defendants neither admit nor deny the allegations contained in Paragraph 83 of the Complaint, as they call for a legal conclusion to which no response is required.

84. Defendants neither admit nor deny the allegations contained in Paragraph 84 of the Complaint, as they call for a legal conclusion to which no response is required.

85. Defendants neither admit nor deny the allegations contained in Paragraph 85 of the Complaint, as they call for a legal conclusion to which no response is required.

86. Defendants aver that Ohio R.C. § 4111.03 speaks for itself as to its contents.

87. Defendants deny the allegations contained in Paragraph 87 of the Complaint.

88. Defendants deny the allegations contained in Paragraph 88 of the Complaint.

89. Defendants deny the allegations contained in Paragraph 89 of the Complaint.

90. Defendants deny the allegations contained in Paragraph 90 of the Complaint.

## COUNT III: RETALIATION IN VIOLATION OF THE FMLA

91. Defendants repeat and reassert their responses to every prior Paragraph of the Complaint as though fully set forth herein.

92. Defendants deny the allegations contained in Paragraph 92 of the Complaint.

93. Defendants deny the allegations contained in Paragraph 93 of the Complaint.

94. Defendants deny the allegations contained in Paragraph 94 of the Complaint.

95. Defendants deny the allegations contained in Paragraph 95 of the Complaint.

## COUNT IV: INTERFERENCE WITH EXERCISE OF RIGHTS IN VIOLATION OF THE FAMILY [AND] MEDICAL LEAVE ACT

88. [sic] Defendants repeat and reassert their responses to every prior Paragraph of the Complaint as though fully set forth herein.

89. [sic] Defendants deny the allegations contained in Paragraph 89 [sic] of the Complaint.

90. [sic] Defendants deny the allegations contained in Paragraph 90 [sic] of the Complaint.

91. [sic] Defendants deny the allegations contained in Paragraph 91 [sic] of the Complaint, except aver that Plaintiff submitted a Certification of Health Care Provider on February 13, 2019, after her termination.

92. [sic] Defendants deny the allegations contained in Paragraph 92 [sic] of the Complaint.

93. [sic] Defendants deny the allegations contained in Paragraph 93 [sic] of the Complaint.

94. [sic] Defendants deny the allegations contained in Paragraph 94 [sic] of the Complaint.

95. [sic] Defendants deny the allegations contained in Paragraph 95 [sic] of the Complaint.

### COUNT V: DISABILITY DISCRIMINATION IN VIOLATION OF R.C. §§ 4112.02(A), 4112.99, *ET SEQ*.

96. [sic] Defendants repeat and reassert their responses to every prior Paragraph of the Complaint as though fully set forth herein.

97. [sic] Defendants deny the allegations contained in Paragraph 97 [sic] of the Complaint.

98. [sic] Defendants deny the allegations contained in Paragraph 98 [sic] of the Complaint.

99. [sic] Defendants deny the allegations contained in Paragraph 99 [sic] of the Complaint.

100. [sic] Defendants deny the allegations contained in Paragraph 100 [sic] of the Complaint.

### PRAYER FOR RELIEF

In response to the Prayer for Relief, Defendants aver that Plaintiff requests the relief set forth therein but denies that she is entitled to damages or any of the relief sought therein.

### JURY DEMAND

Defendants aver that Plaintiff purports to demand a jury trial, but deny that Plaintiff has any issues to be tried.

## GENERAL DENIAL

Defendants deny each and every allegation of fact, conclusion of law, or other matter contained in the Complaint that has not been expressly admitted in this pleading.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

1. The Complaint, in whole or in part, fails to state a claim upon which relief can be granted to the extent Plaintiff has failed to allege each and every element of each of her claims and/or failed to provide legally sufficient factual details to support her conclusory allegations.

2. Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

3. Plaintiff's claims are barred and/or limited as Plaintiff was exempt from the overtime provisions of the FLSA and OMFSWA pursuant to the administrative exemption, 29 U.S.C. § 213(a)(1). In the event Plaintiff is found to be a non-exempt employee, Plaintiff's overtime, if any, should be calculated using the half-time method. 29 CFR § 778.114.

4. Defendants are not liable to Plaintiff for any violations of the FLSA or the OMFWSA pursuant to 29 U.S.C. § 258(a) because Defendants have, in good faith, acted in conformity with, and in reliance upon, written administrative regulations, orders, rulings, approvals, or interpretations of the Wage and Hour Division, Department of Labor.

5. Plaintiff's claim for liquidated damages should be denied, in whole or in part, because in the event violations of the FLSA and/or OMFWSA did occur, which they did not, Defendants' actions were neither willful nor reckless, but were taken in good faith, and were based on reasonable grounds for believing the actions were not violations of the FLSA, including conformity with and reliance upon, written administrative regulations, orders, rulings, approvals, or interpretations of the Wage and Hour Division, Department of Labor.

6. Plaintiff's claims are barred, in whole or in part, on the basis that, in the event

11

Defendants violated the FLSA, Defendants' actions and/or the actions of its agents or employees were taken in good faith, and were neither willful nor reckless and, therefore, Plaintiff's claims are subject to a two-year statute of limitations period.

7. Plaintiff's claims are barred or limited because some or all of the disputed time for which Plaintiff seeks recovery of overtime compensation was spent engaged in activities that were not compensable work under the FLSA and/or OMFSWA and were not an integral and indispensable part of Plaintiff's principal activities.

8. Defendants assert that any claim for overtime compensation by Plaintiff must be offset by any wage paid or provided to Plaintiff which may properly offset any overtime compensation owed, including a reduction for any compensation already paid to Plaintiff for periods not compensable under the FLSA and/or OMFSWA.

9. Defendants assert that any insubstantial or insignificant periods of recorded working time beyond the scheduled working hours of Plaintiff are *de minimis* and may be properly disregarded in accordance with 29 C.F.R. § 785.47.

10. Plaintiff cannot recover for periods of time during which Plaintiff performed no work and/or engaged in activities that predominantly benefitted Plaintiff, including, without limitation, bona fide meal periods, vacation time, sick leave, medical leave, or periods of time during which Plaintiff was otherwise absent from work or the workplace during that week including during holidays.

11. Plaintiff cannot recover for time spent "on call," as she was not required to remain on Defendants' premises and Defendants did not impose constraints on her freedom to use her time while on call.

12. Plaintiff's claims under the FLSA are barred or limited by the doctrine of estoppel

and/or unclean hands to the extent Plaintiff seeks compensation for hours of work that contradict her prior representations to Defendants regarding the hours she worked.

13. Plaintiff's claims are barred, in whole or in part, because Plaintiff was, at all material times, an at-will employee and, therefore, Plaintiff was subject to discharge at any time, with or without cause, so long as said discharge was not for an unlawful reason.

14. Plaintiff's employment was terminated for legitimate, non-discriminatory and non-retaliatory reasons.

15. Plaintiff's claims are barred because any and all actions taken by Defendants were based on legitimate, non-discriminatory, non-retaliatory, and/or lawful business factors having nothing to do with Plaintiff's membership in any protected class or Plaintiff engaging in any protected activity.

16. Any and all acts taken by Defendants were just, fair, privileged, with good cause, in good faith, and without malice.

17. Defendants aver that at all times relevant to this lawsuit, Defendants acted in good faith with respect to Plaintiff and in accordance with their internal policies against discrimination, Defendants' actions were not taken wantonly or with malice, bad faith or reckless indifference to Plaintiff's protected rights, and/or Defendants had reasonable grounds for believing their actions were not in violation of any law, thereby negating Plaintiff's entitlement to punitive or exemplary damages.

18. There is no factual or legal basis for an award of lost wages and benefits of employment and prejudgment interest thereupon; compensatory damages; liquidated damages; attorney's fees, costs and expenses of litigation; front pay relief; or any other damages against Defendants.

19. Plaintiff's claims are barred because Defendants were not the proximate cause of any injuries suffered by Plaintiff.

20. Plaintiff's claims are barred in whole or in part by the doctrines of estoppel, accord and satisfaction, and/or waiver.

21. Plaintiff's claims are barred to the extent that there was no causal connection between the events alleged in the Complaint and any damages which Plaintiff allegedly suffered.

22. Plaintiff's injuries, damages, and/or losses, if any, were solely the direct and proximate cause of her own intentional or negligent actions, inactions, conduct and/or omissions, unaffected in any way by Defendants. No action or inaction of Defendants caused Plaintiff harm, injuries, damages, and/or losses at any time.

23. Plaintiff's claims are barred, in whole or in part, because Defendants have acted at all applicable times lawfully, reasonably, in good faith, and for legitimate and non-discriminatory business purposes.

24. Plaintiff's claims are barred and/or any recovery of damages is precluded because Plaintiff unreasonably failed to take advantage of preventive or corrective opportunities, to give Defendants adequate notice of alleged discriminatory treatment she now claims to have experienced, and/or to avoid harm otherwise.

25. Plaintiff's claims are barred, in whole or in part, due to her failure to mitigate her claimed damages, if any, and/or Plaintiff's failure to exercise reasonable diligence to mitigate such damages.

26. Plaintiff's damages, if any, must be reduced by the income she has received or should have received in mitigation.

27. Plaintiff is not entitled to compensatory, liquidated, treble, punitive damages, or

14

attorneys' fees because Defendants did not at any time engage in any unlawful, willful, reckless or malicious conduct toward Plaintiff or with intent to injure Plaintiff or with knowledge or belief that injury was substantially certain to occur.

28. Plaintiff's claims for damages are subject to the limitations and caps set forth in Ohio law.

29. Any claim for punitive damages is barred under the United States Constitution and the Ohio Constitution.

30. Plaintiff's claims are barred to the extent Plaintiff is not a qualified individual with a disability as defined by the ADA or Ohio law.

31. Plaintiff's claims for disability discrimination are barred because she was not perceived as or regarded as having a disability and/or she was unable to perform the essential functions of the job, with or without reasonable accommodation as defined by the ADA and/or the ADA Amendments Act.

32. Plaintiff's claims under the FMLA are barred, in whole or in part, due to the fact that Plaintiff never engaged in statutorily protected conduct.

33. There is no factual or legal basis for injunctive or equitable relief against Defendants.

34. Defendants acted at all times in good faith and with reasonable ground for honestly believing that its actions were in compliance with the FMLA, and therefore, Plaintiff's claim for liquidated damages should be denied.

35. Plaintiff's claim is barred to the extent that she failed to provide proper notice of her need for protected leave, failed to provide proper medical certification, and/or was not entitled to or eligible for leave or other benefits under the FMLA.

36. Plaintiff's FMLA claim is barred to the extent she received all of the FMLA leave certified by her health care provider.

37. Plaintiff's request for a jury trial should be denied with regard to Plaintiff's claims for injunctive and equitable relief under the FMLA.

38. Plaintiff's claims under the FMLA are barred, in whole or in part, because there is no causal connection between Plaintiff's termination and any statutorily protected activity.

39. Plaintiff's claims are barred because Defendants did not take any adverse action against Plaintiff based on her use of or request for leave under the FMLA.

40. To the extent Plaintiff alleges a failure to accommodate his alleged disability, Plaintiff's claim is barred for failing to provide notice of the need for such accommodation, for failing to engage in the interactive process, because he was not entitled to an accommodation, because any such accommodation would pose an undue hardship, because a reasonable accommodation was unavailable, and/or because his request for accommodation is barred by the statute, applicable regulations and/or case law.

41. Plaintiff's damages, if any, are speculative and remote, and thus are barred.

42. Any adverse employment actions taken with respect to Plaintiff were predicated on grounds other than Plaintiff's alleged disability or alleged participation in a protected activity. Those actions would have been taken in the absence of Plaintiff's alleged disability or alleged participation in a protected activity.

43. Good-faith efforts to prevent discrimination and retaliation in the workplace including, among other things, implementing policies regarding the same, were made, and thus there can be no liability for the decisions of any agents of Defendant, to the extent that the alleged conduct was contrary to efforts to comply with anti-discrimination and anti-retaliation laws. *See*

*Kolstad v. American Dental Ass'n*, 527 U.S. 529 (1999). Therefore, punitive damages, treble damages, liquidated damages, attorneys' fees, and/or costs are not warranted.

   44. Notwithstanding Defendants' denials and defenses and without admitting any of Plaintiff's allegations, to the extent that Plaintiff establishes that any prohibited criterion was a motivating factor for any employment decision challenged herein, Defendants affirmatively state that they would have taken the same action based on other legitimate, lawful, non-discriminatory reasons and in the absence of any impermissible motivating factor.

   45. Plaintiff's claims are barred and her damages are limited by the doctrine of after-acquired evidence.

   46. Defendants reserve the right to amend their Answer, to add affirmative or other defenses, or to withdraw defenses as deemed appropriate after reasonable opportunity for discovery.

   WHEREFORE, having fully answered the allegations contained in Plaintiff's Complaint, Defendants respectfully request that the Court dismiss Plaintiff's Complaint in its entirety with prejudice, grant Defendants their costs and attorneys' fees incurred in defending against this action, and for such other and further relief as this Court deems just and proper.

Dated: August 5, 2019         Respectfully submitted,

                      **JACKSON LEWIS P.C.**

                      *s/ Suellen Oswald*
                      Suellen Oswald (#0043884)
                      Park Center Plaza I, Suite 400
                      6100 Oak Tree Boulevard
                      Cleveland, Ohio 44131
                      Phone: (216) 750-0404
                      Fax: (216) 750-0826
                      *suellen.oswald@jacksonlewis.com*
                      *Counsel for Defendants*